**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 98-1447**

_____

WILLIAM V. FERGUSON, JR.,

Plaintiff - Appellant,

versus

SAFECO INSURANCE COMPANY OF AMERICA; CONSOLI-
DATED FREIGHTWAYS CORPORATION OF DELAWARE;
CON-WAY EASTERN EXPRESS, INCORPORATED; HALL
BROTHERS MOVERS, INCORPORATED; DECHER
SHIPPING, INCORPORATED,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern Dis-
trict of Virginia, at Alexandria. T.S. Ellis, III, District Judge.
(CA-97-1903)

_____

Submitted: May 14, 1998        Decided: May 27, 1998

_____

Before WIDENER and MICHAEL, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

William V. Ferguson, Jr., Appellant Pro Se. Robert Benson Walker,
Herndon, Virginia; Wesley S. Chused, LOONEY & GROSSMAN, Boston,
Massachusetts, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

William V. Ferguson appeals the district court's order dismissing his complaint for failing to state a claim and denying his motions for default judgment and sanctions. We have reviewed the record and find no reversible error. Accordingly, we affirm.

Ferguson commenced this action against Safeco Insurance Company ("Safeco"), a surety for Consolidated Freightways Corporation ("Consolidated") and Con-Way Eastern Express ("Con-Way"), two shipping companies, seeking to enforce two default judgments entered in a Massachusetts state court and a Massachusetts federal district court against two entirely different shipping companies. The gravamen of Ferguson's complaint concerns a shipment of household goods apparently lost in transit in 1987. Ferguson's complaint fails for a number of reasons. First, there is no evidence of any state or federal court judgment entered against Safeco, Consolidated or Con-Way. Ferguson concedes that the judgments he is seeking to enforce were entered against Hall Brothers, Incorporated and Decher Shipping, Incorporated. In fact, a prior Massachusetts federal district court action Ferguson brought against Con-Way was dismissed for failing to file a timely notice of claim. Second, the surety agreement which is the basis of Ferguson's claim against Safeco was not in effect on the date Ferguson suffered his loss. Third, the surety agreement which accompanied Ferguson's complaint specifically disclaimed liability for loss of cargo. Thus, even assuming Consolidated or Con-Way were in some way liable for Ferguson's loss, Ferguson has failed to state a claim against Safeco.

2

Finally, the district court did not abuse its discretion in denying Ferguson's motion for default judgment and sanctions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.*

AFFIRMED

---

* We also deny Appellees' request for sanctions contained in the informal brief and Appellant's motion for oral argument and leave to supplement the record on appeal.